FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 24 2024

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Central Division

| | |
|---|---|
| MF OUTDOOR SOLUTIONS INC. <br> D/B/A K PLUS TREE & LANDSCAPE, <br><br> Plaintiff, <br><br> v. <br><br> TURTLE CREEK PROPERTY LLC, <br> BEITEL CORP., <br> and DRUCKER & FALK, LLC <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> Case No. 4:24-cv-00537-DPM |

## ORIGINAL COMPLAINT

COMES NOW the Plaintiff, MF OUTDOOR SOLUTIONS INC., D/B/A K PLUS TREE & LANDSCAPE ("Plaintiff"), by and through its attorney Steven Estell of Walters, Allison, Parker & Estell, and would respectfully show the Court as follows:

### I.   PARTIES

1. Plaintiff, MF Outdoor Solutions, Inc., is an Arkansas Corporation incorporated under the Laws of the State of Arkansas and doing business in the State of Arkansas doing business as K Plus Tree & Landscape at all times material to this action.

2. Defendant, Turtle Creek Property LLC, is a Foreign Corporation formed in the State of Delaware and registered in the State of Arkansas. Defendant, Turtle Creek Property LLC, owns property and operates within the Eastern District of the State of Arkansas. Their Registered Agent, Corporate Creations Network Inc. may be served at 609 SW 8th Street, #600, Bentonville, Arkansas 72712.

This case assigned to District Judge Marshall
and to Magistrate Judge Harris

3. Defendant, Beitel Corp., is a Foreign Corporation formed in the State of New York and operating in the State of Arkansas. They may be served at 1449 37th Street Suite 216, Brooklyn, New York, 11218.

4. Defendant, Drucker & Falk, is a Foreign Limited Liability Company incorporated in Virgina, but registered and conducting business in the State of Arkansas. Their registered agent, CT Corporation System, may be served at 320 S. Izard Street, Little Rock, Arkansas 72201.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and because the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

6. This Court also has general and/or specific personal jurisdiction over Defendants, comporting with Arkansas' long-arm statute and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, because there is a sufficient nexus between Defendants' contacts with the forum and Plaintiff's cause of action, because Defendant purposefully availed itself of the protections and privileges of the State of Arkansas, and because the exercise of jurisdiction in this Court over Defendants is reasonable.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to Plaintiff's claims occurred in Pulaski County, Arkansas, which is situated in the Eastern District of Arkansas. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because Defendants are subject to this Court's personal jurisdiction in this proceeding.

8. Federal procedural law and Arkansas substantive law apply to this action.

## III.   FACTUAL BACKGROUND

9. On or about March 31, 2023, Plaintiff was contacted by Defendant Beitel Corp.'s Director of Development and Construction regarding the immediate removal of all hazardous tornado damaged trees and debris from the Lennox Apartment Complex in Little Rock, Arkansas.

10. Defendants requested that Plaintiff immediately begin work to remove all hazardous materials from the premises and to ensure access to and from the premises for emergency vehicles and tenants.

11. The Lennox Apartment Complex is a large 20-acre property that received extensive tornado damage.

12. Plaintiff, at the direction of the Defendants, immediately deployed its emergency tree crew to evaluate the situation and determine the safest and most efficient manor to remove all hazardous trees and materials.

13. It was determined that the billing for the job would be set up as day rate billing and the scope of the job was discussed and agreed to at that time. All work performed at Lennox was emergency work and billed accordingly. Additionally, the Plaintiff paused all work on the job site on April 10, 2023, to confirm that Defendants wanted removal of all damaged trees and hazardous materials. Defendants confirmed that they did want all materials removed from the property.

14. Plaintiff performed work on the property from March 31, 2023, through April 23, 2023. Plaintiff used crews of 17-20 men and numerous pieces of heavy equipment and dump trucks to clean the storm damage. Additionally, Plaintiff utilized drone footage and go-pro

recordings to document the condition of the property at the beginning of the job and the progress made through completion.

15. Upon receipt of the final bill from Plaintiff, Defendants initially promised to pay promptly. Defendants subsequently failed and refused to pay the invoice as agreed upon without justification. Defendants remitted a partial payment of $150,000.00 to the Plaintiff to help with expenses incurred by Plaintiff in performing its obligations under the agreement.

16. Defendants then began telling Plaintiff the remainder of its invoice would be paid once insurance claims were paid for damage to the property, however, no further payment has been remitted as of the filing of this Complaint.

17. As a result of the willful failure to uphold their obligations under the agreement, the Defendants have caused substantial financial harm to the Plaintiff in an amount in excess of $75,000.00.

## IV.     CLAIMS FOR RELIEF

### A. Count I: Breach of Contract

18. Plaintiff reiterates and incorporates Paragraphs 1-17 of this Complaint as if stated herein word for word.

19. Both parties to the Agreement had the legal capacity and authority to enter into the Agreement and mutually assented to the Agreement in exchange for adequate consideration. Accordingly, the Agreement is a binding contract under Arkansas law.

20. The emergency nature of the work performed to clean up the tornado damage to the property required the parties to enter into verbal agreements regarding the manner of billing and scope of work. The verbal agreement between the parties was acknowledged through various

text messages and emails. Additionally, the Defendants remitted partial payment in the amount of $150,000.00 to Plaintiff.

21. Defendants' failure to pay Plaintiff for the services rendered and work performed constitutes a material breach of the Agreement.

22. As a result of the breach, Defendants are liable to Plaintiff for the sum of $1,220,617.28 as the remaining outstanding balance of the invoice inclusive of late fees and Sales Tax. *See Exhibit A attached hereto*.

23. Additionally, pursuant to Ark. Code Ann. § 16-22-308, Plaintiff is entitled to recover its attorneys' fees and costs from Defendants.

**B. Count II: Unjust Enrichment**

24. Plaintiff reiterates and incorporates paragraphs 1 through 18 of this Complaint as if stated herein word for word.

25. Defendants received the benefit of valuable cleanup efforts to their property despite failing and refusing to compensate Plaintiff for those services.

26. Defendants have been unjustly enriched by receiving services to which they are not otherwise entitled and for which they should be required to compensate Plaintiff.

27. In the alternative to Count I, Defendants are liable for the sum of $1,220,617.28 to Plaintiff under the theory of unjust enrichment for the services that Plaintiff rendered to Defendants during the emergency cleanup efforts.

**V.   JURY DEMAND**

28. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, MF Outdoor Solutions Inc. prays that this Court enters Judgment against Defendants in the amount of $1,220,617.28, plus its attorneys' fees and costs, pre-judgment interest, post-judgment interest, post-judgment interest until the judgment is paid in full, and for any and all other relief to which Plaintiff may be entitled, including its consequential and incidental damages.

Respectfully submitted,

By: _____
STEVEN ESTELL
Arkansas Bar NO. 2012006
Walters, Allison, Parker & Estell
1405 W. Center Street
Greenwood, AR 72936
Ph: 479-996-2100
Email: sestell@waltlaw.net

**ATTORNEY FOR PLAINTIFF,
MF OUTDOOR SOLUTIONS INC.**

K PLUS TREE & LANDSCAPE, INC

P O BOX 1180574
AR 72918

# Invoice

| Date | Invoice # |
|---|---|
| 5/3/2023 | 296 |

**Bill To**

Lennox Apartments
601 Napa Valley Drive
Little Rock, AR

| P.O. No. | Terms | Project |
|---|---|---|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 21 | Lennox Apartment Complex Emergency Services<br>601 Napa Valley Drive, Little Rock<br>3/31/23 - 4/1/23 Emergency call out to Lennox Apartment Complex to evaluate damage, determine clean-up procedure based risk level. Mobilized emergency response team. Removed all debris affected by tornado. 576 Total trees removed. 475 loads out to date. Emergency response crew consisted of:<br>1-12 Man crew consisting of 8 equipment operators, 2 Climbers, 2 supervisors - 21 days - 3,024 man hrs<br>1 - 5 man crew consisting of 3 operators, 2 Climbers, 1 supervisor - 8 days - 480 man hrs<br>1- 100 ton Crane with operator/semi truck/trailer/driver/spotter - 3 days - 90 man hrs<br>6- 14 yard dump trailer/truck packages - 21 days - 1,298 man hrs<br>1- 35 foot 25 ton truck/trailer package - 21 days - 210 man hrs<br>1- 30 foot 20 ton tuck/trailer package - 21 days - 202 man hrs<br>3- 50,60,75 excavator w/hydraulic thumb - 21 days - 728 man hrs -Own<br>3- 95 hp skid steer w/grapple - 21 days - 756 man hrs<br>3- Mini excavator w/grapple - 21days - 756 man hrs<br>1- 45hp tractor w/grapple - 8 days - 96 man hrs<br>1- High Flow Forestry mulcher w/operator - 4 days - 72 man hrs.<br>1- Stump grinder - 7 days - 56 man hrs.<br>1- 65' boom truck - 21 days - 210 man hrs.<br>1- 30 yd Grapple truck w/operator - 14 days - 420 man hrs.<br><br>Lennox Apartment Draw # 1<br><br>Lennox Apartment Draw #2<br>Lennox Apartment Draw #3<br>Lennox Apartment payment<br>Late fee 1%<br>Late fee 1% week#2<br>Late fee 1% week#3<br>Late fee 1% week#4<br>Late fee 1% week#5<br>Late fee 1% week#6 | 55,101.0919<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>-20,000.00<br><br>-50,000.00<br>-50,000.00<br>-30,000.00<br>11,369.25<br>11,369.25<br>11,369.25<br>11,369.25<br>11,369.25<br>11,369.25 | 1,157,122.93T<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>-20,000.00<br><br>-50,000.00<br>-50,000.00<br>-30,000.00<br>11,369.25<br>11,369.25<br>11,369.25<br>11,369.25<br>11,369.25<br>11,369.25 |

Invoice Due Immediately. Invoices exceeding 90 days subject to 2% late fee per day.

**Total**

EXHIBIT
A

Page 1

# Invoice

K PLUS TREE & LANDSCAPE, INC

P O BOX 1180574

AR 72918

| Date | Invoice # |
|---|---|
| 5/3/2023 | 296 |

**Bill To**

Lennox Apartments
601 Napa Valley Drive
Little Rock, AR

| P.O. No. | Terms | Project |
|---|---|---|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
|  | Late fee 1% week#7 | 11,369.25 | 11,369.25 |
|  | Late fee 1% week#8 | 11,369.25 | 11,369.25 |
|  | Late fee 1% week#9 | 11,369.25 | 11,369.25 |
|  | Late fee 1% week#10 | 11,369.25 | 11,369.25 |
|  | Sales Tax | 8.625% | 99,801.85 |

Invoice Due Immediately. Invoices exceeding 90 days subject to 2% late fee per day.

**Total** $1,220,617.28

Page 2